## CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ _____ Original Plan

☑ Seventh MMM _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Yovanny R Del Villar          JOINT DEBTOR: _____          CASE NO.: 24-15533-PDR

SS#: xxx-xx- 6042          SS#: xxx-xx-_____

### I.    NOTICES

To Debtors:    Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors:    Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties:    The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☑ Not included |
| Nonstandard provisions, set out in Section IX | ☑ Included | ☐ Not included |

### II.    PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A.    MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1.    $1,926.20 _____ for months   1   to   6   ;

2.    $2,387.84 _____ for months   7   to   18   ;

3.    $4,638.38 _____ for months   19   to   36   ;

**B.    DEBTOR(S)' ATTORNEY'S FEE:**          ☐ NONE          ☐ PRO BONO

| | | |
|---|---|---|
| Total Fees: $7,800.00 | Total Paid: $2,000.00 | Balance Due: $5,800.00 |

Payable   $338.35   /month (Months   1   to   17  )

Payable   $48.13   /month (Months   18   to   18  )

Allowed fees under LR 2016-l(B)(2) are itemized below:

MMM Safe Harbor: $5,000.00 Attorney's Fees + $200.00 Costs + $2,500.00 MMM Fee + $100 Costs = $7,800.00

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

### III.    TREATMENT OF SECURED CLAIMS          ☐ NONE

**A.    SECURED CLAIMS:**          ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1.    Creditor: MEB LOAN VI, U.S. BANK N.A.  [POC#2]

Address: PO Box 790179, Saint Louis MO 63179

Arrearage/ Payoff on Petition Date _____

MMM TPP Temporary Payment   $1,776.85   /month (Months   7   to   36  )

MMM Adequate Protection   $1,357.18   /month (Months   1   to   6  )

Last 4 Digits of _____

Debtor(s): Yovanny R Del Villar                    Case number: 24-15533-PDR

---

Account No.:                    9657

Other:

■ Real Property                                        Check one below for Real Property:

    ■ Principal Residence                          ■ Escrow is included in the regular payments

    ☐ Other Real Property                          ☐ The debtor(s) will pay  ☐ taxes  ☐ insurance directly

Address of Collateral:
6961 SW 1 CT, Pembroke Pines FL 33023

☐ Personal Property/Vehicle

Description of Collateral:

---

**B.  VALUATION OF COLLATERAL:**  ■ NONE

**C.  LIEN AVOIDANCE**  ■ NONE

**D.  SURRENDER OF COLLATERAL:**  ■ NONE

**E.  DIRECT PAYMENTS**  ☐ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

    The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|
| 1. Select Portfolio Servicing, Inc. [POC#5] | 3261 | 6961 SW 1 CT, Pembroke Pines FL 33023 |

**IV.  TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]  ☐ NONE

    **A.  ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ■ NONE

    **B.  INTERNAL REVENUE SERVICE:**  ■ NONE

| Total Due: $38,827.14 | Total Payment $38,827.14 |
|---|---|
| Payable: $55.56 /month (Months 1 to 18 ) | |
| Payable: $2,101.51 /month (Months 19 to 36 ) | |

    **C.  DOMESTIC SUPPORT OBLIGATION(S):** ■ NONE

    **D.  OTHER:** ■ NONE

**V.  TREATMENT OF UNSECURED NONPRIORITY CREDITORS**  ☐ NONE

    **A.** Pay  $290.22  /month (Months 18 to 18 )

    Pay  $338.35  /month (Months 19 to 36 )

    Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

    **B.**  ■ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

    **C.  SEPARATELY CLASSIFIED:**  ■ NONE

**VI.  STUDENT LOAN PROGRAM**  ■ NONE

**VII.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES**  ■ NONE

**VIII.  INCOME TAX RETURNS AND REFUNDS:**

    ■ Debtor(s) shall provide copies of yearly income tax returns to the Trustee (but not file with the Court) no later than May 15th during the pendency of the Chapter 13 case. In the event the debtor(s)' disposable income or tax refunds increase, debtor(s) shall increase payments to unsecured creditors over and above payments provided through the Plan up to 100% of allowed unsecured claims. [Broward/Palm Beach cases]

**IX.  NON-STANDARD PLAN PROVISIONS**  ☐ NONE

Debtor(s): Yovanny R Del Villar _____  Case number: 24-15533-PDR

■ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

1. This Court shall abate ruling on Debtor's Objection to Claim until such time as the US Department of Treasury - Internal Revenue Service ("IRS") has had an opportunity to process Debtor's amended 2021 and 2022 income tax returns.

2. Once said returns are processed, the IRS shall either amend Claim #1 or notify Debtor's counsel that an amendment is not forthcoming and the reasons therefor.

3. Within 30 days of said filing of the Amended Proof of Claim or notice of not amending the claim, the Debtor shall take the necessary steps to either modify her plan to provide for an Amended Claim #1 or Original Claim #1, or file an Objection thereto.

■ Mortgage Modification Mediation

LF-31 (rev. 04/01/22)

Debtor(s): Yovanny R Del Villar _____    Case number: 24-15533-PDR

1    The debtor has filed a Verified Motion for Referral to MMM with:

MEB LOAN VI / U.S. BANK N.A. [POC#2] _____ ("Lender")

loan number 9657 _____

for real property located at 6961 SW 1 CT Hollywood, FL 33023 _____

The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM.  While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only.  The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement.  Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan.  The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan."  If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property.  Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

Debtor(s): Yovanny R Del Villar _____    Case number: 24-15533-PDR _____

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.


_____ _____           _____ _____
                    Debtor                    Date                                    Joint Debtor                    Date
Yovanny R Del Villar


_____     February 3, 2025_____
/s/ Jose A. Blanco, Esq.                       Date

Attorney with permission to sign on
Debtor(s)' behalf who certifies that
the contents of the plan have been
reviewed and approved by the
Debtor(s).[1]


**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

---

[1]This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.